(35 Misc. Rep. 675.)

PEOPLE v. BOARD OF TRUSTEES OF VILLAGE OF MONTICELLO.

(Supreme Court, Trial Term, Sullivan County. August, 1901.)

1. MANDAMUS—EXERCISE OF DISCRETION—TELEPHONE POLES.

Laws 1890, c. 566, § 102, gives telephone companies the right to erect necessary fixtures for lines upon any of the roads and streets in the state. Laws 1897, c. 414, § 89, subd. 9, gives trustees of villages power to regulate the erection of telephone or telegraph poles or stringing of wires in the streets. *Held*, that the court would not compel the exercise of such discretion on the part of the trustees by mandamus.

2. SAME.

Where village trustees materially embarrass a telephone company in its right to use the village streets, and delay the passage of any ordinance regulating the erection of the poles and stringing of wires in the streets, the court in the first instance will not issue a writ of mandamus requiring the grant of a permit, but will give leave to renew the motion on other papers if the passage of the ordinance is further unduly delayed.

3. SAME—APPLICATION—RELATOR'S NAME.

The fact that motion papers of a company applying for writ of mandamus are entitled only in the name of the people, and do not name the company as relator in any manner, is an irregularity which does not take away the right to the writ upon a proper cause made, in view of Code Civ. Proc. § 1994, authorizing a state writ on application of a private person, showing that it was issued on the relation of that person.

Application by the people of the state of New York for writ of mandamus against the board of trustees of the village of Monticello. Motion denied.

John D. Lyon, for relator.

Charles H. Stage, for defendant.

CHESTER, J. ·A preliminary objection is made to the granting of this application on the ground that the moving papers are entitled in the name of the people, without a relator. I think this defect in the moving papers is unimportant, because no writ has been issued, and, if the court allowed a writ to issue upon the application of this company, it would only permit it to issue with the company as relator, as required by section 1994 of the Code of Civil Procedure.

The company asks for a peremptory writ requiring the defendant to grant to it a permit to erect poles, string its wires, and conduct its business in the village of Monticello according to the terms of its written application presented to the board of trustees of such village. The laws defining the rights of telephone companies and the powers of the boards of trustees of villages seem reasonably clear. The transportation corporations law (Laws 1890, c. 566, § 102) gives to telephone companies the right to erect, construct, and maintain the necessary fixtures for · their lines upon any of the public roads, streets, and highways within the state. And this has been held to be a franchise directly from the legislature to the corporation to use the public streets for constructing and maintaining its lines. Barhite v. Telephone Co., 50 App. Div. 25, 63 N. Y. Supp. 659. But, notwithstanding this, the village law (Laws 1897, c. 414, § 89, subd. 9) confers upon boards of trustees of villages power "to regulate the erection of telegraph, telephone or electric poles, or the stringing of wires in, over or upon any of the streets or public grounds." This is a power involving discretion upon the part of the board of trustees, and the exercise of this discretion cannot be controlled by mandamus. While the courts can compel the exercise of the power, the particular method of its exercise cannot be controlled by mandamus. People v. Commis-· sioners, 149 N. Y. 26, 43 N. E. 418. Manifestly neither the court nor the board of trustees of the village has any right to grant the request of this company to string its wires upon poles belonging to other companies, as appears by the application filed by the company with the board of trustees it has requested the privilege of doing. It appears very clearly here by the papers used on this application that the board of trustees have sought to either prohibit entirely or to embarrass the telephone company very materially in its right to use the streets for the purposes of its company, and have delayed passing any regulations for that purpose a long time. It was not unreasonable, however, for the trustees to require the filing with them of a map by the telephone company showing where it desired to locate its lines and poles before passing an ordinance regulating their erection. I have concluded, after examining the papers presented, to deny this motion for a peremptory writ of mandamus, without costs, and to grant leave for a renewal of the application upon other papers if the passage of such ordinance should be unduly delayed.

Motion denied, without costs, with leave to renew application upon other papers.